Melvin PROSTKOFF, M.D.,
Plaintiff, Appellant,

v.

The PAUL REVERE LIFE INSUR-
ANCE COMPANY and Unum Provi-
dent Corporation, Defendants, Appel-
lees.

No. 06–2699.

United States Court of Appeals,
First Circuit.

June 29, 2007.

William L. Chapman, with whom Jenni-
fer A. Eber and Orr & Reno, P.A., were on
brief, for appellant.

Byrne J. Decker, with whom Pierce At-
wood LLP was on brief, for appellees.

Before TORRUELLA and LYNCH,
Circuit Judges, and FUSTÉ,* District
Judge.

FUSTE, District Judge.

Appellant Melvin Prostkoff, M.D., filed a
petition against Appellees, Paul Revere
Life Insurance Company and its parent
company, Unum Provident Corporation,
seeking declaratory judgment that his in-
surance policy entitles him to cost of living
increases on his disability benefits for the
duration of his life. Appellant now appeals
the district court's grant of summary judg-
ment in favor of Appellees. "We review a
district court's grant of summary judg-
ment *de novo*, examining all the facts and
making all reasonable inferences in favor
of the non-moving party." *N.H. Ins. Co. v.
Dagnone*, 475 F.3d 35, 37 (1st Cir.2007).

Appellant argues that we should vacate
the district court's judgment and find that
he is entitled to receive cost of living in-
creases on his disability payments for his
lifetime because his insurance policy is am-
biguous and the ambiguity must be con-
strued in his favor. *See Concord Hosp. v.
N.H. Med. Malpractice Joint Underwrit-
ing Ass'n*, 137 N.H. 680, 633 A.2d 1384,
1386 (1993). Specifically, Appellant alleg-

* Of the District of Puerto Rico, sitting by desig-     nation.

es that, although the Cost of Living Benefit rider explicitly states that no increases in cost of living benefits will be made after the insured's sixty-fifth birthday, the policy is ambiguous because of allegedly contradictory statements contained in the Lifetime Benefit rider purchased by Appellant.

The Lifetime Benefit rider provides that policy holders will continue to receive a monthly payment after age sixty-five. The rider states that "[t]he monthly amount is the amount shown on the Policy Schedule. Any cost of living benefit rider added to your policy shall apply to this amount." Appellant argues that this language implies that the cost of living benefit should continue to increase after he turns sixty-five, even though the Cost of Living Benefit rider explicitly states that it will not. Appellees counter that the Lifetime Benefit rider states only that Appellant will continue to receive cost of living benefits after age sixty-five, but not increases. In other words, the amount of the cost of living benefits shall be frozen at the amount received by Appellant just prior to his sixty-fifth birthday, as stated in the Cost of Living Benefit rider.

We agree with Appellees and the district court that the language in both the Lifetime Benefits rider and the Cost of Living Benefit rider is clear and unambiguous. We, therefore, affirm the district court's decision to grant summary judgment to Appellees on the grounds advanced by the district court.